IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| THE RIDGE AT BARTON CREEK | § | |
| | § | |
| V. | § | A-13-CV-0175 SS |
| | § | |
| BRIAN PAUL HUNT | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

Before the Court is Defendant's Application to Proceed *In Forma Pauperis* (Clerk's Doc. No. 1), filed on March 1, 2013. The Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

I.  ANALYSIS

A.   **IFP Status**

After considering Defendant Brian Paul Hunt's financial affidavit, the Court finds that he is indigent. Accordingly, the Court HEREBY GRANTS Defendants *in forma pauperis* status in the instant case. Because Defendants have been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review the action pursuant to 28 U.S.C. §1915(e)(2).

B.   **Review under Section 1915**

Section 1915(e)(2) provides that a court shall dismiss a case at any time if the court determines that:

(A) the allegation of poverty is untrue; or

  (B) the action or appeal–

    (i)  is frivolous or malicious;
    (ii)  fails to state a claim on which relief may be granted; or
    (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(I)-(iii).  An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995).

  Pro se complaints are liberally construed in favor of the plaintiff.  *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972).  The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).  A pro se complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520–521 (1972).  However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

  **1.**  **Background**

  The party named as the Plaintiff in this case, the Ridge at Barton Creek, sued Paul Hunt in the Justice Court of Precinct 3 of Travis County, Texas, in an eviction proceeding.  *The Ridge at Barton Creek v. Brian Paul Hunt*, Cause No. C-1-CV-13-117.  Hunt states that he was a holdover tenant.  Hunt apparently lost in the Justice Court and appealed the judgment, as the matter was tried in the Travis County Court of Law No. 1 before the Honorable David Phillips.

During trial, Hunt determined that Judge Phillips had not taken and recorded the judicial oath required by Article 6, Clause 3, of the United States Constitution, 4 U.S.C. § 101 and 102, and art. 1, sec. 1 of the Texas Constitution.  Hunt moved to disqualify Judge Phillips on this basis.  Judge Phillips declined to disqualify himself and referred Hunt's complaint to Judge Billy Ray Stubblefield, Presiding Judge of the Third Administrative Judicial Region of the State of Texas.  Judge Stubblefield acknowledged the referral in a document dated February 27, 2013.  *See* Acknowledgment attached to Hunt's Notice.  Hunt asserts that Judge Stubblefield denied him a requested hearing; however, there is no attached document denying Hunt's motion, and very little time has passed since the Acknowledgment was filed.  Regardless, Hunt also asserts that Judge Stubblefield has failed to take and/or record his "mandatory federal constitutional oath."  Hunt asserts that this failure to take a required oath violates the United States Constitution and thus is a basis for federal question jurisdiction.

    **2.**    **Federal Question Jurisdiction**

Federal district courts have original jurisdiction over "all civil action arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 n. 6 (1987).  Generally, defendants sued in state court may remove the action to federal court if the federal district court has original jurisdiction over the matter.  28 U.S.C. § 1441; *Caterpillar*, 482 U.S. at 392.  A court generally looks only at the plaintiff's well-pleaded complaint to determine if a claim arises under federal law. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983).  Moreover, the party seeking to remove the action to federal court has the burden of establishing that the district court has original jurisdiction. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988).  If the complaint relies only on state law, the district court generally

lacks subject-matter jurisdiction, and the action is not removable. Generally, a state law claim cannot be recharacterized as a federal claim for the purpose of removal. Similarly, a case may not be removed to federal court on the basis of a federal defense. *Caterpillar*, 482 U.S. at 393.

Hunt does not attach the Ridge at Barton Creek's state court petition, but Hunt concedes the underlying case is an eviction case. Landlord-tenant disputes and eviction actions are typically state law claims. *Stump v. Potts*, 322 F. App'x 379, 380, 2009 WL 1033592 (5th Cir. 2009); *The Home Loan Cntr. v. Thompkins*, No. 06–10379, 2006 WL 335707, at *2 (E.D.Mich. Feb.14, 2006); *United Mut. Houses, L.P. v. Andujar*, 230 F.Supp.2d 349, 354 (S.D.N.Y.2002) (noting it is well established that the landlord-tenant relationship is fundamentally a matter of state law and that federal courts appropriately abstain from adjudicating those actions as they involve complex questions of state law). Thus, to the extent Hunt attempts to remove a state court suit for eviction to federal court, the Court does not have federal question jurisdiction based upon the original complaint.

Hunt asserts that federal jurisdiction is proper "because the cause in question in which Brian Paul Hunt is named defendant was not presided over by a judge with proper authority to assume the duties of the office, and when Hunt was denied a hearing on the matter, he learned that Judge Stubblefield did not have the mandatory oath, thus giving rise to a federal question." *See* Defendant's Notice of Removal at p. 2.

The Court can find no authority allowing removal of a motion to disqualify a state court judge to federal court. Under Texas Rule of Civil Procedure 18a, "an order denying a motion to disqualify may be reviewed by mandamus and may be appealed in accordance with other law." *See* Tex.R. Civ. P. 18a(j)(1)(A), (2). Despite the fact that Hunt claims that his basis for disqualification of both judges presents a federal question, a defendant has no inherent right to a federal forum for

adjudication of federal rights, if he in fact articulates one here, absent exclusive federal jurisdiction. *Franchise Tax Bd.*, 463 U.S. at 10. Hunt has failed to carry his burden to establish federal jurisdiction in this case. A motion to disqualify a state court judge in a state court eviction proceeding is not an adequate basis for federal question jurisdiction. Hunt must pursue any remedy to which he believes he is entitled in state court.

Moreover, Hunt's claims are facially frivolous. Both the Fifth Circuit and the Texas Court of Criminal Appeals have rejected challenges to the sufficiency of oaths required of Texas officials. The Texas Constitution requires a judicial officer to swear or affirm "I . . . will to the best of my ability preserve, protect, and defend the Constitution and laws of the United States and of this State." Tex. Const. art. XVI § 1. The Fifth Circuit found this language to be "in substance the oath or affirmation to support the Constitution of the United States" required by federal law. *O'Hair v. White*, 675 F.2d 680, 702 n.8 (5th Cir. 1982). Similarly, the Texas Court of Criminal Appeals found the oath taken by state officials binding them "to preserve, protect and defend the Constitution and laws of the United States and of this State" was "in substance" an oath which bound them "to support the Constitution of the United States." *Van Hodge v. State*, 191 S.W.2d 24, 27 (Tex. Crim. App. 1945). The Supreme Court has implicitly rejected Hunt's argument, making clear an oath need not parrot the exact language of the constitutional oaths to be constitutionally proper. *Cole v. Richardson*, 405 U.S. 676, 682 (1972). Accordingly, Plaintiff is not entitled to any relief on this basis.

## II. RECOMMENDATION

Based upon the foregoing, the Magistrate Judge **RECOMMENDS** that the District Court **REMAND** this case to the Travis County Court of Law No. 1, Travis County, Texas.

### III.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 8th day of March, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE